UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DIALLO C. DAVIDSON, | ) |
| Movant, | ) |
| v. | ) No. 4:10-CV-855-JCH |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Diallo C. Davidson to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Following a jury trial, movant was found guilty of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On January 7, 2005, he was sentenced to 96 months' imprisonment and two years of supervised release. See United States v. Davidson, No. 4:04-CR-197-JCH (E.D.Mo.). On appeal, movant's conviction was affirmed, but his sentence was vacated and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Davidson, No. 05-1224 (8th Cir. 2006). On December 13, 2006, movant was resentenced to 120 months' imprisonment and two years of supervised release.

**Motion to Vacate**

Movant seeks to vacate, set aside or correct his conviction and sentence on the grounds that he was denied effective assistance of counsel and his conviction was based on illegally obtained evidence.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. Movant was resentenced on December 13, 2006, and the instant motion was placed in the prison mailbox on January 27, 2010 [Doc. #1].

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 19th day of May, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE